**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CARL McDADE, | ) | NO. CV 10-08507 JVS (SS) |
|           Petitioner, | ) ) | **ORDER DISMISSING HABEAS** |
|     v. | ) ) | **ACTION WITHOUT PREJUDICE** |
| WARDEN, | ) ) | |
|           Respondent. | ) ) | |

    On November 9, 2010, Carl McDade ("Petitioner"), an Arizona state prisoner proceeding pro se, filed an untitled letter which the Court construes as a motion for extension of time to file a petition for writ of habeas corpus (the "Motion"). In the Motion, Petitioner requests an extension of time to file a petition for writ of habeas corpus. (See Motion at 1) ("[I]'m asking that this court grant me an extension of time, due to hardship."). The Court presumes that Petitioner seeks this extension to avoid the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).

\\

\\

Petitioner seeks an extension of time to file a habeas petition because he has not had access to the prison's law library. (See Motion at 1) ("Problem my verbal requests for law library access was ignored from 10-1-10 to 10-8-10. Finally, I submitted a written request and was answered, given the date of 10-18-10. I don't think that this will be enough time for me to research and prepare for filing with this court."). Petitioner does not elaborate on his grounds for habeas relief. (See id.). However, even without this required information, the Court has determined that the relief requested cannot be granted for the reasons set forth below.

Under the "case or controversy" requirement of Article III, Section 2 of the United States Constitution, federal courts may not issue advisory opinions. Earth Island Inst. v. Ruthenbeck, 490 F.3d 687, 694 (9th Cir. 2007) (citing Flast v. Cohen, 392 U.S. 83, 96, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968)). As Petitioner has not actually filed a federal habeas petition challenging his conviction and/or sentence, there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. Petitioner essentially seeks an advisory opinion regarding the potential timeliness of any federal habeas petition that he might file in the future. See Calderon v. Ashmus, 523 U.S. 740, 746-8, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have his state-imposed conviction or sentence set aside).

Petitioner's Motion essentially asks the Court to determine in advance whether his federal habeas petition will be time-barred if it is filed at some unspecified future date. Thus, the Motion seeks relief

which the Court could not grant without violating the "case or controversy" requirement of the Constitution. See United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a section 2255 petition until a petition is actually filed); Application of Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (denying request for extension of limitations period to file a section 2255 motion where there was no pending habeas petition).

In view of Petitioner's allegations regarding his difficulty accessing the prison's law library, it may be that he seeks an order entitling him to equitable tolling of the limitations period should he seek habeas relief in the future. The one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling if a petitioner can demonstrate that "extraordinary circumstances" beyond his control made it impossible to timely file his petition. See Holland v. Florida, __U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). However, the Court cannot determine whether Petitioner would be entitled to equitable tolling at this stage of the proceedings.

\\
\\
\\
\\
\\
\\
\\
\\
\\

Consistent with the foregoing, IT IS ORDERED that Petitioner's Motion is DENIED and that Judgment be entered dismissing this action without prejudice. IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order and the Judgment on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 16, 2010

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

4